No. 05-141

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 76N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

PAULA R. PIERCE,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 04-207
Honorable Holly B. Brown, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Kirsten Mull Core, Attorney at Law, Bozeman, Montana

        For Respondent:

        Hon. Mike McGrath, Attorney General; Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

        Susan Wordal, City Attorney's Office, Bozeman, Montana

Submitted on Briefs:  March 21, 2006

Decided:  April 18, 2006

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Paula R. Pierce appeals from the order entered by the Eighteenth Judicial District Court, Gallatin County, affirming the judgment and sentence entered by the Bozeman Municipal Court upon Pierce's plea of guilty to the misdemeanor offense of operating a motor vehicle while under the influence of alcohol or drugs (DUI).  Before Pierce pled guilty, the Municipal Court denied her motion to suppress evidence.  Among other things, it reasoned that, the arresting officer had particularized suspicion to stop Pierce's vehicle based on a citizen informant's tip.  *See State v. Pratt* (1997), 286 Mont. 156, 165, 951 P.2d 37, 42-43.  The District Court affirmed the Bozeman Municipal Court.  Pierce appeals.

¶3      Pierce asserts the third factor of the *Pratt* test—whether the officer's own observations corroborated the informant's information—was not satisfied here because the officer did not observe her driving in an illegal manner or any other indication of her intoxication.  Pierce concedes that the third factor of the *Pratt* test may be satisfied if the officer finds the vehicle and vehicle's location substantially as described by the informant.  She also does not dispute that the officer here confirmed her vehicle's make, model, license number, description, general location, and direction of travel, as well as the presence of a female driver and a male

2

passenger. She contends, however, that *Pratt* is distinguishable because a second officer in that case questioned the citizen informant while the arresting officer investigated the defendant.

¶4     We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that Pierce's appeal is without merit because the legal issues are clearly controlled by settled Montana law that the District Court correctly interpreted.

¶5     Affirmed.


                                        /S/ KARLA M. GRAY


We concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE